UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

    UNITED STATES,

           -v-

    MIGUEL RAMIREZ,

                       Defendant.

----------------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/11/2021
```

1:17-cr-290-GHW-3

ORDER

GREGORY H. WOODS, United States District Judge:

On October 6, 2021, the Court docketed a motion filed by Miguel Ramirez, acting *pro se*. The motion requested that the Court order his compassionate release pursuant to 18 U.S.C. § 3582(c).  Dkt. No. 660 (the "Motion").  In his Motion, Mr. Ramirez requests that the Court grant him compassionate release.  The Motion focuses on Mr. Ramirez's own health conditions and the incremental risk associated with COVID-19 as the basis for the Court to find "extraordinary and compelling" circumstances that would support his release.  He also describes his commitments to his family members and his inability to care for them while incarcerated—particularly his children and his mother, who, he asserts, is ailing.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are

sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)). As relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons." The "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Such circumstances include, but are not limited to, circumstances where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § B1.13(2)–(3).

Mr. Ramirez asserts that he made a request to the warden of his facility for compassionate release and that it was denied. Motion at 3. Therefore, the Court accepts that Mr. Ramirez has satisfied the statutory preconditions to his application.

The information provided in Mr. Ramirez's Motion is insufficient to meet his burden to demonstrate the existence of exceptional and compelling reasons for his release. Mr. Ramirez suffers from multiple serious health conditions, which are described in his Motion. The Court has no reason to believe, however, that he is not receiving appropriate treatment within the BOP for those conditions. The mere fact that the defendant is suffering from medical conditions of the type described in his application are not, in the Court's view, sufficient on their own to give rise to exceptional and compelling circumstances for his early release. While early in the pandemic such conditions, combined with the incremental risk associated with COVID-19 have been found to constitute "extraordinary and compelling" circumstances, today, given that vaccinations for

COVID-19 are widely available within the Bureau of Prison system, the Court does not find them on their own, or in conjunction with the incremental risk associated with COVID-19, to constitute "exceptional and compelling" reasons that would justify Mr. Ramirez's early release.

Nor are Mr. Ramirez's family obligations "extraordinary and compelling." The Court recognizes the challenges faced by Mr. Ramirez's family as a result of his separation from them. The Court recognizes that Mr. Ramirez's family circumstances are challenging. Viewed objectively, while challenging, the circumstances described by Mr. Ramirez are not exceptional. Sadly, separation from family members, and the resulting inability to care for them, is an inextricable challenge of incarceration—it is not extraordinary.

Moreover, even if Mr. Ramirez had demonstrated exceptional and compelling circumstances for his release, in considering all of the § 3553(a) factors, the Court does not believe that a reduction in Mr. Ramirez's sentence is warranted. As the Court recited at the time of the defendant's sentencing, his crime was very serious. Sentencing Transcript, Dkt. No. 582 ("Tr."). The offense involved very large amounts of both cocaine and heroin. Tr. 6:11-15. He possessed a firearm during the offense and used violence to promote it. Tr. 6:16-24. He was the organizer of a criminal conspiracy that engulfed a large number of people—including his mother, his father, his partner, and his sister's boyfriend. Tr. 7:1-4; 30:7-10. As the Court found at sentencing: "Mr. Ramirez's crime was incredibly serious." Tr. 31:1.

The defendant also has a substantial criminal history—he had ten criminal history points at the time of sentencing, and had committed this offense while under a criminal justice sentence. Tr. 7:16-24. His convictions for the sale of drugs spanned a decade. He spent substantial periods of time in jail as a result of those convictions, but still committed the federal offense that brought him before the Court. Tr. 36:1-10. The Court expressed at sentencing its "extreme concern" based on the historical information provided to it, that Mr. Ramirez would choose to recidivate. Tr. 36:22-

3

37:9.  Given the defendant's possession of firearms and ammunition, the Court was also "concerned about the safety of the community in the event that he were to choose to recidivate." Tr. 38:7-10.

Evaluating the § 3553(a) factors here, the Court does not believe that a further reduction in Mr. Ramirez's sentence is warranted.  Mr. Ramirez's crime was extremely serious.  A lesser sentence would not reflect the seriousness of the offense and impose a just punishment.  Nor would a lesser sentence meet the need for specific deterrence, which was of "extreme concern" to the Court at the time of sentencing.  The Court already varied downward from the advisory guidelines sentence to impose the least sentence necessary to achieve the purposes of sentencing; a further reduction is not warranted in light of the need for personal deterrence.  While the defendant's need for medical care has arguably become greater with the passage of time and the evolution of the COVID-19 pandemic, that factor does not weigh heavily enough to outweigh the other factors considered by the Court.  In sum, even if the reasons provided by Mr. Ramirez did constitute "extraordinary and compelling" reasons for his release—and they do not—the Court does not believe that his release now is warranted.

In sum, having considered all of the information presented to the Court in connection with the Motion, the Court does not believe that a reduction in Mr. Ramirez's sentence is warranted. Accordingly, Mr. Ramirez's Motion is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 660, and to mail a copy of this order to Mr. Ramirez by first class mail.

SO ORDERED.

Dated: October 11, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge